UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HUGGINS,

                Petitioner,

-vs-                                                      Case No. 8:08-cv-660-T-17MAP

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Michael Huggins' 28 U.S.C. § 2254 petition for writ of habeas corpus. Huggins challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida on July 23, 2002. Huggins was convicted, following a trial by jury, of aggravated battery with a deadly weapon (Count I), and aggravated assault (Court II). He was committed to the custody of the Florida Department of Corrections as a Prison Releasee Reoffender for fifteen years on count I, and sentenced to five years on count II, to run concurrently with count I. (Respondent's Comp. Ex. 001).

A review of the record demonstrates that, for the following reasons, the petition must be denied.

PROCEDURAL HISTORY

**1. Direct Appeal**

Huggins sought direct review of his convictions in the Florida Second District Court of Appeal. He raised the following issues on direct appeal:

DID THE COURT ERR BY DENYING THE DEFENSE MOTION FOR JUDGMENT OF ACQUITTAL?

DID THE COURT ERR BY ALLOWING INADMISSIBLE HEARSAY TO BE ADMITTED?

DID THE COURT ERR BY ALLOWING IRRELEVANT EVIDENCE TO BE ADMITTED?

On January 23, 2004, the district court of appeal per curiam affirmed Huggins' conviction and sentence. *Huggins v. State*, 871 So. 2d 225 (Fla. 2d DCA 2004). The mandate issued February 16, 2004. (Comp. Ex. 002).

**2. Motion for Post-Conviction Relief**

According to the Circuit Court's "Order to Respond to Motion for Postconviction Relief" Huggins filed a Motion for Post-Conviction Relief on November 22, 2004, and a Motion to Voluntarily Dismiss the Motion for Post Conviction Relief on February 17, 2005. The Circuit Court granted Huggins's voluntary dismissal on March 10, 2005. Huggins refiled his Motion for Post Conviction Relief March 31, 2005, but the circuit court dismissed the motion without prejudice for lack of an oath May 31, 2005. The motion was revised and filed June 8, 2005 or June 6, 2005 under the "mailbox rule." *See Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992) (adopting the mailbox rule, which provides that a motion is considered filed when a pro se inmate presents it to the correctional institution for mailing).

The revised motion raised two grounds of ineffective assistance of counsel: 1) Counsel was ineffective for persuading Huggins not to testify on his behalf; 2) Counsel was ineffective for failing to present a self-defense claim to the jury. The circuit court ordered the State to respond. The State responded that the issues raised could only be resolved through an evidentiary hearing.

On December 21, 2006, the circuit court convened an evidentiary hearing. After a review of Huggins's motion, the hearing transcript, the court file, and the record, the court entered its "Order Denying Motion for Post-Conviction Relief" on January 23, 2007. Huggins sought review in the Second District Court of Appeal, raising the following issues:

> TRIAL COURT ERRED IN DENYING CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR PERSUADING APPELLANT NOT TO TESTIFY ON HIS OWN BEHALF IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
>
> TRIAL COURT ERRED IN DENYING CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO INVESTIGATE AND PRESENT A SELF-DEFENSE CLAIM TO THE JURY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

After briefing and upon consideration, the state district court of appeal affirmed, per curiam, the denial of post conviction relief on February 22, 2008. *See Huggins v. State*, 976 So. 2d 1106 (Fla. 2d DCA 2008). The mandate issued March 14, 2008. (Comp. Ex. 003) Under the mailbox rule, the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus was filed in this Court April 1, 2008. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). The petition is timely.

## STANDARDS OF REVIEW

### The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable

application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Standard for Procedural Default/Procedural Bar

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell,* 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley,* 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and

correct alleged violations of its prisoners' federal rights") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing *O'Sullivan*, 526 U.S. at 845). This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance. *O'Sullivan*, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d at 891(quoting *Judd v. Haley*, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at

892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice," Huggins must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis,* 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982)). Huggins must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell,* 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); , 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson,* 523 U.S. 538, 559 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually

every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup* 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

"The Supreme Court fairly recently made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson v. Campbell*, 353 F.3d at 896. In *Edwards v. Carpenter*, 529 U.S. 446, 451- 52 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his § 2254 petition. But, he had never raised this ineffective assistance claim in state court, and he was now procedurally barred from raising the claim. The Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. *Id.* at 451-53.

**DISCUSSION**

Grounds One and Two

In ground one, Huggins alleges the trial court erred in denying his motion for judgment of acquittal in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. In ground two, he claims the trial court erred by allowing inadmissible hearsay to

be admitted in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. A review of Huggins's initial brief on direct appeal, however, reveals there is nothing which would give any reasonable jurist any indication he was relying on federal constitutional law. (Comp. Ex. 002). Huggins has not satisfied the "fair presentation" requirement of the exhaustion doctrine. A federal court cannot grant habeas relief to a state prisoner unless the prisoner has exhausted his state court remedies giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64, 69 (2004) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 30 L. Ed. 2d 438, 92 S. Ct. 509 (1971)).

To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim. *Reese*, 124 S. Ct. at 1349 (citing *Duncan v. Henry*, 513 U.S. 364, 365-366, 130 L. Ed. 2d 865, 115 S. Ct. 887 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 144 L. Ed. 2d 1, 119 S. Ct. 1728 (1999)). "It is not sufficient that the federal habeas applicant has been through the state courts ... Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, ... a state prisoner [is required] to present the state courts with the same claim he urges upon the federal courts." *Picard*, 404 U.S. at 276, 92 S. Ct. at 512.

Thus, to exhaust state remedies fully Huggins must make the state court aware that the claims asserted present federal constitutional issues. "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Snowdon v. Singletary*, 135 F. 3d 732, 735 (11th Cir. 1998) (quoting *Anderson v. Harless*, 459 U.S. 4, 5-6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 1982)). Huggins's

direct appeal needed to apprise the Florida Courts that he was making a claim under the United States Constitution and describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."

Huggins was required to characterize the claims he raised in state proceedings specifically as federal claims. Mere general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial," do not establish exhaustion.

A vague appeal to "constitutional error" supported only by state law cases that focus only on state procedural or constitutional error cannot be said to fairly present federal constitutional issues. Unless a petitioner clearly alerts the state court that he is alleging a specific constitutional violation, a petitioner has not fairly presented his federal claim. Moreover, citation of a relevant federal constitutional provision in relation to some other claim does not satisfy the exhaustion requirement. *See Baldwin v. Reese*, 541 U.S. 27 (2004); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(mere similarity of claims is insufficient for exhaustion).

In *Baldwin v. Reese,* 541 U.S. 27, 29 (2004), the Supreme Court wrote that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.' " *Baldwin*, 541 U.S. at 32.

Addressing this observation, the Eleventh Circuit has explained:

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.' " *McNair v. Campbell,* 315 F. Supp. 2d 1179, 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d

598 (1986)). This is consistent with settled law established by the Supreme Court. *See Picard*, 404 U.S. at 275, 92 S. Ct. at 512 ("We emphasize that the federal claim must be fairly presented to the state courts."). We therefore hold that "'the exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" *Kelley*,[1] 377 F.3d at 1345 (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

*McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).

The burden is on the petitioner to raise his federal claim in the state courts at a time when state procedural law permits its consideration on the merits, even if the state court could have identified and addressed the federal question without petitioner's raising the claim. *Bell v. Cone*, 543 U.S. 447, 125 S.Ct. 847, 851 (2005)(citing *Baldwin*, 541 U.S. at 30-32). By not timely raising the constitutional dimension, if any, of his claim both at trial and on appeal, Huggins deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)).

For Huggins in the instant case to have fairly presented his claim to the Second District, in the context of his direct appeal, the judges of the panel must have been able to recognize the claim from their review of the brief. The brief, however, relies solely on state law.

As the Eleventh Circuit stated noting the Supreme Court's recent *Reese* decision:

Overall context still matters. References to federal law would not "afford the state courts a meaningful opportunity" to consider federal claims if the references in the state proceedings amounted to nothing more, in real and practical terms, than the

---

[1] *Kelley v. Sec'y Dep't of Corr.,* 377 F.3d 1317, 1333 (11th Cir. 2004).

> proverbial needle in a haystack. For example, it would probably not be sufficient to cite to a federal case hidden among a string of state cases or to cite to a federal decision but not for a principle of federal law.
>
> Rather, what is clear is that this court's analysis should focus on the totality of the circumstances, that is, on the overall substance and context of McNair's arguments to the Alabama state courts. *Watson v. Dugger*, 945 F. 2d 367, 372 (11th Cir. 1991); *Cummings v. Dugger*, 862 F. 2d 1504, 1507 (11th Cir. 1989). A review of all of McNair's relevant state-court briefs reveals that, in his substantive arguments, he relied exclusively on Alabama state law in arguing that the jury's use of the Bible was unconstitutional. His few references to federal law were insubstantial and thus did not "fairly present" the federal issue to the state courts.

*McNair v. Campbell*, 315 F. Supp. 2d 1179, 1184 (M.D. Ala. 2004), *aff'd in part, rev'd in part*, 416 F. 3d 1291 (11th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S. Ct. 1828, 164 L. Ed. 2d 522 (2006).

In the instant case, the overall substance and context of Huggins's direct appeal proceedings fail to indicate any reliance on federal constitutional law. He relied exclusively on Florida state law on direct appeal. It is well-established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 n.1, 115 L. Ed. 2d 640 (1991) ("If the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is a procedural default for purposes of federal habeas.") (citations omitted). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734, 144 L. Ed. 2d 1 (1999) (relevant inquiry "not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts ..." (emphasis in original)).

Huggins has not shown cause and prejudice to overcome the procedural default and has not shown that a manifest justice will ensue if this Court does not reach the merits of his claims.

Moreover, Huggins makes no attempt to argue any matter of federal constitutional import. The issues raised pertain to the sufficiency of the evidence under Florida state law and the Florida hearsay rule. Alleged errors of state law, without more, do not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed.2d 606 (1990).

Grounds one and two do not warrant federal habeas corpus relief.

## Grounds Three and Four

Huggins claims his trial counsel was ineffective for failing to persuade him not to testify at his trial. In ground four, he claims his counsel was ineffective for failing to investigate and present a claim of self-defense at trial. These claims were refuted by the testimony at the evidentiary hearing and the state court order denying relief rests on independent and adequate state substantive grounds. The standard for proving ineffective assistance of counsel, set out above, is well established.

When evaluating counsel's alleged deficiency "courts are required to ... make every effort to eliminate the distorting effects of hindsight by evaluating the performance from counsel's perspective at the time." *Blanco v. Wainwright*, 507 So. 2d 1377, 1381 (Fla. 1987). In its order denying the post-conviction motion, the trial court found:

> At the evidentiary hearing, the evidence demonstrated that counsel did not coerce or persuade Defendant not to testify on his own behalf, but rather that counsel informed and advised Defendant that he would be subject to cross-examination by the State and his eight prior felonies would be brought out before the jury. (See Transcript, December 21, 2006, pp. 9-11, 19-21, 31, attached). Further, the evidence demonstrated that the decision not to testify was Defendant's, and counsel had prepared Defendant for testifying in the event

> Defendant chose to do so. (See Transcript, December 21, 2006, pp. 21, 31, attached). The Court finds this evidence to be credible, and finds that Defendant has failed to demonstrate how counsel's performance was deficient. As such, Defendant warrants no relief on ground one of his Motion for Post-Conviction Relief.

(Comp. Ex. 003) Thus, the testimony at the evidentiary hearing refuted Huggins's ground three. *See Bell v. State*, 965 So. 2d 48, 57-59 (Fla. 2007), *cert. denied*, ___ U.S. ___, 128 S. Ct. 535, 169 L. Ed. 2d 375 (2007).

As for ground four, after consideration of the testimony at the evidentiary hearing, the trial court found:

> At the evidentiary hearing, counsel testified that arguing self-defense was not viable in light of the facts and evidence in this case, and that there were no witnesses to corroborate such a defense as all the witnesses' testimonies showed Defendant to be the aggressor. (See Transcript, December 21, 2006, pp. 24-26, 28, attached). Additionally, counsel testified there were two victims in this case, which is inconsistent with self-defense. (See Transcript, December 21, 2006, pp. 26-28, attached). The Court finds this testimony to be credible and finds that counsel cannot be deemed deficient for failing to argue self defense when such an argument was not viable. As such, Defendant warrants no relief on ground two of his Motion for Post-Conviction Relief.

(Comp. Ex. 003). Thus, the trial court found defense counsel was not ineffective since self-defense was not a viable defense. *See Bell*, 965 So. 2d at 63-64 (defense counsel not deficient in failing to present a successful defense when no other defense was demonstrated to have been available). See also *Evans v. State*, 946 So. 2d 1, 11 (Fla. 2006) (counsel cannot be ineffective for failing to seek to introduce evidence of a meritless defense at the guilt phase).

Grounds three and four of the habeas petition rest on independent and adequate state substantive grounds as wholly lacking in merit. Huggins is entitled to no relief on grounds three and four..

Accordingly, the Court orders:

That Huggins' petition is denied. The Clerk is directed to enter judgment against Huggins and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 12, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Michael A. Huggins